*Samuel R. Honey*, for respondent.

---

RHODE ISLAND HOSPITAL TRUST COMPANY *vs.* PATRICK W. BAXTER.

PROVIDENCE—JUNE 1, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A lessor reserved the right to sell the demised premises during the term, and the lessee agreed, in case of such sale, to surrender the premises to the lessor at once and release any further claim thereon:—

*Held*, that the object and purpose of the provision were to terminate the lease in case of sale, and that the agreement could not be avoided for want of mutuality.

Occupation of the premises after such sale thereof would be by a new agreement of the parties and not by virtue of the lease.

The sale described occurred June 18; the land was condemned for highway purposes July 1, and the buildings were removed therefrom August 19; the lessee tendered to the lessor a sum equal to what the rent therefor would have been under the lease to July 1; in an action by the purchaser against the tenant for use and occupation of the premises from June 18 to August 19:—

*Held*, that the purchaser was entitled to recover, but only for the time between the purchase and the date of the condemnation.

ASSUMPSIT for use and occupation of a tenement and appurtenances abutting on Dunnell's gangway, in the city of Providence.   Defendant had held the estate under a lease containing the provision quoted in the following rescript. The premises were sold to the plaintiff June 18, 1895; the whole of the land was taken for highway purposes by the city July 1, but the buildings were not removed until August 19, of the same year.   The defendant pleaded a tender to his lessor of the amount due to July 1.   The court directed a verdict for the plaintiff for the use of the premises from June 18 to July 1, and denied the plaintiff's right to recover therefor after the last mentioned date.   Both parties excepted to these rulings.

At the beginning of the removal of the buildings the defendant filed a bill in equity against the city of Providence, its commissioner of public works, and the plaintiff, seeking an injunction to restrain such removal. The questions raised were decided in the following

RESCRIPT.

"Stiness, J. In the lease given to the complainant of the premises at the corner of Dunnell's gangway and Weybosset street was the following clause:

'And the parties of the first part, for themselves, their heirs and assigns, further reserve the right to sell said demised premises at any time during the said term of this lease, and, in case of such sale, the said party of the second part, for himself, his heirs, legal representatives and assigns, agrees to surrender and deliver possession of said premises at once to said parties of the first part, and release any further claim on said demised premises.'

The complainant's argument is that this clause is a mere agreement to surrender and not a conditional limitation whereby a sale operates to terminate the lease; and, hence, that his lease was not avoided because there had been no re-entry by the lessors.

Chancellor Kent says, 4 Kent Com. § 133: 'The distinctions on this subject are extremely subtle and artificial; and the construction of a deed, as to its operation and effect, will, after all, depend less upon artificial rules than upon the application of good sense and sound equity to the subject and spirit of the contract in the given case.'

I think there can be no doubt that the object and intention of the provision was to terminate the lease in case of sale. The objection made to it is that it is not mutual by its terms. I do not think this is so. The lessor reserves the right to sell and the lessee agrees to surrender possession at once upon sale. The lessee could not be compelled by a new owner to hold it against his agreement, and if the occupation continued after the sale it would be by virtue of a new agree-

ment between the parties, and not by virtue of the lease. The parties must have meant that a sale was to terminate the lease, *ipso facto*, and the lessee's covenant signified his assent to this.   Otherwise no adequate force can be given to it.   Reasonable notice was given to the lessee, and according to his own agreement his right to remain had expired when the deed passed.   He had, therefore, no equitable right to the premises when the land was condemned for a street, and, in my opinion, he presents no equitable ground for relief, when he asks for an injunction in spite of his own agreement to surrender possession upon a sale.

· I therefore direct the entry of an order dissolving the *ex parte* injunction and denying the motion for a temporary injunction."

The bill in equity was afterwards dismissed by consent and without prejudice, and the above mentioned action at law was heard on the petition for new trial based on said exceptions, and resulted in the following

### OPINION.

PER CURIAM.   The construction of the clause of the lease in question was considered by Stiness, J., in his opinion filed August 13, 1895, in *Baxter v. City of Providence,* Eq. 3996, on motion to dissolve the *ex parte* injunction.   We adopt that opinion as the opinion of the court.   The ruling of the Common Pleas Division was in accordance with the construction given to the clause in that opinion.

We think the computation of damages was correct.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*James Tillinghast, William R. Tillinghast, and Theodore F. Tillinghast,* for plaintiff.

*John W. Hogan,* for defendant.